IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Carver Stevedoring Services, Inc., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action 2:20-cv-01344-DCN ) |
| M/V NAVIOS CHRISTINE B (IMO No. 9496238), her engines, boilers, tackle, appurtenances, etc., *in rem*, and Imba maritime, S.A., Coasters Ventures, Ltd., and Navios Maritime Partners, L.P., *in personam,* | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) (NON-JURY) |

## ORDER APPOINTING SUBSTITUTE CUSTODIAN OF VESSEL

Plaintiff in the above-captioned action, having filed a Verified Complaint and having moved for issuance of process under Rules B and C of the Supplemental Admiralty Rules for arrest and attachment of the Defendant vessel, and this Court having considered the Verified Complaint and the Affidavit of Substitute Custodian; it is

HEREBY ORDERED, that Carver Maritime, LLC is hereby appointed Substitute Custodian for the Defendant vessel; and it is

FURTHER ORDERED that Substitute Custodian promptly accept custody of the vessel after arrest and attachment of the vessel; and it is

1

FURTHER ORDERED that upon arrest of the vessel the owner, master, ranking officer, or other person in charge of the vessel shall surrender the vessel's official certificate of documentation to Substitute Custodian; and it is

FURTHER ORDERED that Substitute Custodian provide all reasonable and necessary care and supervision of said vessel during the arrest to prevent her removal from the District of South Carolina and to keep her safe; and it is

FURTHER ORDERED that, during custody of the vessel, Plaintiff shall advance funds to maintain the following insurance coverages through the U.S. Marshal's policies, which are pre-approved to be in custodia legis expenses:

(1) Legal liability port risk hull and machinery (including P & I), naming the United States of America and the United States Marshal Service as assureds in the amount of $1,000,000 for each risk covered; and

(2) Legal liability port risk hull and machinery (including P & I), naming the Substitute Custodian as an assured in the amount of $1,000,000 for each risk covered; and it is

FURTHER ORDERED, that, from transfer of custody to the Substitute Custodian until further order of this Court, the Substitute Custodian shall have full responsibility for custody of said vessel and shall have full authority to maintain, protect, and care for said vessel, including but not limited to the authority to operate engines, machinery, and equipment whether aboard or ashore, to eject the master, crew, or others from the vessel, to order

changes in the loading or discharge of cargo, to order shifting or towage of the vessel to any other berth, anchorage, or dry storage within the District of South Carolina, to order supplies, stores, bunkers, water, tugs, or other necessaries for the vessel, and to seek the assistance of law enforcement authorities in carrying out his duties hereunder; and it is

FURTHER ORDERED, that until further order of this Court the Substitute Custodian has the rights and responsibilities of a lawful sole owner of the vessel, entitled to sole possession, use, and control of vessel as against all others; and it is

FURTHER ORDERED, that all persons shall respect the Substitute Custodian's rights to sole possession, use, and control of the vessel and shall refrain from any interference with Substitute Custodian's rights to sole possession, use, and control of the vessel. Persons with objections, complaints, or concerns about Substitute Custodian's possession, use, and control of the vessel and persons with conflicting rights or claims shall be afforded a prompt hearing before a judge of this court upon written motion and notice which shall be served upon all interested parties; and it is

FURTHER ORDERED, that all law enforcement authorities shall aid and assist Substitute Custodian in gaining and maintaining complete possession and control of the vessel; and it is

FURTHER ORDERED, that the Substitute Custodian's fees for said services during such custody, shall be $800.00, plus reasonable expenses for dockage, guard service, all other expenses directly related to said custody. Said fees and costs shall be paid as <u>in</u>

<u>custodia legis</u> costs upon sale or release of the vessel or termination of the litigation; and it is

FURTHER ORDERED, that Substitute Custodian shall indemnify, defend, and hold harmless the U.S. Marshals Service with respect to any vicarious liability because of damage to or from vessel during Substitute Custodian's custody of vessels.

SO ORDERED at Charleston, South Carolina.

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

April 10, 2020